**Sidney BIRCH, Petitioner–Appellant,**

v.

**Charles GREINER, Superintendent, Respondent–Appellee.**

No. 03–2754.

United States Court of Appeals, Second Circuit.

Feb. 15, 2005.

Christopher Booth, New York, NY, for Appellant.

Linda Breen, Assistant District Attorney (Charles J. Hynes, District Attorney, Kings County, Leonard Joblove, Assistant District Attorney, Sholom J. Twersky, Assistant District Attorney, on the brief), Brooklyn, NY, for Appellee.

Present: WALKER, Chief Judge, HALL, and GIBSON,* Circuit Judges.

---

* The Honorable John R. Gibson, Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is **AFFIRMED.**

Petitioner-appellant Sidney Birch appeals from the September 10, 2003 judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*) denying his petition for a writ of habeas corpus. On appeal, Birch argues that the district court erred in finding that the state trial court had not exhibited bias that violated his due process right to a fair trial. Familiarity with the facts and procedural background is assumed. We affirm.

Birch bases his claim of constitutional error primarily on the trial court's questions concerning the inconsistency between (1) his statements during a videotaped interrogation, in which petitioner blamed his co-defendant, and (2) his testimony at trial, during which he claimed that the videotaped interrogation was not reliable, because in it he was trying to cover up for the co-defendant. We find that the trial judge's questioning, which was meant to clarify Birch's confusing testimony, does not meet the level of substantial prejudice that a habeas petitioner must show in order to sustain a claim of judicial bias. *See Daye v. Attorney General of New York,* 712 F.2d 1566, 1572 (2d Cir.1983); *see also Gayle v. Scully,* 779 F.2d 802, 812–13 (2d Cir.1985).

Birch also fails to show a violation of due process when he contends that the trial court's rulings permitting certain questions by the prosecutor exhibited judicial bias. The district court correctly concluded that none of the rulings to which Birch objects gave rise to the sort of grave constitutional error warranting habeas relief. *See id.* at 806.

We have carefully reviewed Birch's remaining contentions and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**